IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENNIS RAY RIGSBY, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. CIV-21-576-R |
| | ) |
| **CUSTER COUNTY,** | ) |
| et al. | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

Plaintiff, a state pre-trial detainee appearing *pro se* and *in forma pauperis*, filed this action alleging violation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B) the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On June 30, 3021, Judge Purcell issued a Report and Recommendation wherein he recommended that the case be dismissed without prejudice upon screening pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B). The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to an obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this review, the Court finds as follows.[1]

In the form Complaint Plaintiff checked the space indicating that the basis for the Court's jurisdiction is *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S.

---

[1] Consistent with *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court has given Plaintiff's filings liberal construction.

388 (1971). *Bivens* permits a claim against a federal official in his or her individual capacity, not a claim against the State, or state actors, or private persons. Accordingly, *Bivens* provides no basis for Plaintiff's Complaint to proceed. The Court considers, however, whether Plaintiff's claims may be properly pursued under 42 U.S.C. § 1983 and concludes they may not.

The Defendants named in the Complaint are Custer County, the Oklahoma Indigent Defense System ("OIDS") and the attorneys appointed by the Court to represent Mr. Rigsby in ongoing criminal proceedings in the District Court of Custer County. As relief Plaintiff requests that the Court investigate the truth and drop the charges in CF-2020-123 and send him to a hospital to see if his injury can be fixed. (Doc. No. 1, p. 8). He also seeks monetary relief from his appointed attorneys as well as appointment of new counsel to aid in his defense. (Doc. No. 1, p. 12). His complaints generally revolve around those ongoing criminal proceedings, wherein he is charged with murder after former conviction of two or more felonies.

As to Plaintiff's complaints against Defendant Custer County, Judge Purcell recommends the Court abstain from consideration of Plaintiff's claims, citing *Younger v. Harris,* 401 U.S. 37 (1971).[2]  Nothing in Plaintiff's objection provides a basis for rejecting Judge Purcell's conclusion regarding abstention.

---

[2] The undersigned notes that Custer County of the State of Oklahoma is not a suable entity. Pursuant to Oklahoma statute, specifically Section 4 of Title 19, a county must be sued in the name of the "Board of County Commissioners of the County of _____." This shortcoming is without impact in light of the Court's conclusion that *Younger* abstention is appropriate.

With regard to Plaintiff's claims against the Oklahoma Indigent Defense System and two of its attorneys, Plaintiff has failed to allege a jurisdictional basis for such claims. Even if the Court relied on 42 U.S.C. § 1983, that statute applies only to state actors, and as set forth in the Report and Recommendation, within the confines of Plaintiff's allegations, neither Defendant James Reddy nor Richard L. Yohn, Sr., is a state actor.[3] Accordingly, the two individual OIDS attorneys are hereby DISMISSED.

Finally, Plaintiff requests that the Court appoint him counsel. (Doc. No. 8). The Court hereby DENIES Plaintiff's motion. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). In deciding whether to appoint counsel, the Court evaluates the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and his ability to investigate the facts and present his claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 10th Cir. 1995). The Court declines Plaintiff's request because dismissal is appropriate. Plaintiff has also filed a "Motion to inform truths on transcripts record of CF-2020 after death 123 in Custer County Oklahoma . . ." (Doc. No. 21). The Court denies this motion

---

[3] OIDS is a state agency which was created to "provide counsel in cases ... in which the defendant is indigent and unable to employ counsel." Okla. Stat. tit. 22, § 1355(B). Plaintiff's claims against OIDS are barred by Eleventh Amendment Immunity because OIDS is a state agency. See *Harris v. Champion*, 51 F.3d 901, 908 (10th Cir. 1995) (holding that OIDS is a state agency entitled to Eleventh Amendment immunity on damage claims), *superseded by statute on other grounds, Federal Courts Improvements Act of 1996*, Pub. L. No. 104-317, 110 Stat 3847, *as recognized in Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011). Accordingly, any claim directed at OIDS is dismissed with prejudice.

as it appears to request records related to Plaintiff's Custer County case and would be more appropriately addressed to that court.

For the reasons set forth herein, Plaintiff's Complaint is DISMISSED. The Report and Recommendation is ADOPTED to the extent it is consistent herewith. Judgment shall be entered accordingly.

**IT IS SO ORDERED** this 21st day of September 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE